**Edmond J. MINNE, Plaintiff,**

v.

**STATE OF INDIANA, Indiana State Police, Hon. Bryce E. Billings and Cloverleaf Garage, Inc., Defendants.**

**No. H 83–74.**

United States District Court, N.D. Indiana, Hammond Division.

Jan. 16, 1986.

Don G. Blackmond, A. Howard Williams, South Bend, Ind., for plaintiff.

George B. Huff, Jr., Deputy Atty. Gen., Indianapolis, Ind., for defendant, Hon. Bryce E. Billings.

Frank J. Parkerson, Kenefick, Brennan & Gilmore, P.C., Michigan City, Ind., for defendant, Cloverleaf Garage, Inc.

## ORDER GRANTING MOTIONS TO DISMISS AND DENYING REQUEST FOR LEAVE TO AMEND THE COMPLAINT

KANNE, District Judge.

Defendant, Judge Bryce E. Billings, has filed a motion to dismiss plaintiff's complaint pursuant to FED.R.CIV.P. 12(b)(6). Additionally, defendants, State of Indiana and Indiana State Police, seek dismissal of this action pursuant to FED.R.CIV.P. 12(b)(5). Finally, plaintiff has filed a request for leave to amend his complaint in response to defendant's motions to dismiss.

Plaintiff filed his original complaint on January 31, 1983, alleging that defendants had conspired to illegally extract money from him, thereby depriving him of his constitutional rights under the 4th, 5th, 6th, 8th and 14th Amendments of the Constitution. Specifically, plaintiff alleged that he was falsely arrested and threatened with incarceration until such time as he paid a traffic fine owed by an unrelated third party.

In his complaint, plaintiff states that he owns a 1980 Kenworth semitractor which he leases to various trucking companies. On March 16, 1982, plaintiff was stopped by an Indiana State Police Officer at the Interstate 94 weigh statioscales in Porter County, Indiana. Plaintiff contends that although he was neither charged with an offense nor guilty of any violation of the law at the time he was arrested, his semitractor along with the trailer was impounded and he was threatened with incarceration until such time as he agreed to pay certain traffic fines apparently owed by other drivers hauling trailers for the Carl C. Calvert Trucking Company.

According to plaintiff, traffic citations had, in the past, been issued to several other drivers in Calvert's employ by Indiana State Police. Since those offenses occurred in Porter County, those drivers appeared before Judge Billings who imposed fines on the drivers. However, the fines were never paid and as a result, plaintiff alleges that Judge Billings issued an order directing the Indiana State Police to arrest the next driver hauling a Calvert trailer and to hold him until such time as certain outstanding fines had been paid.

As a result of this alleged illegal conspiracy to extract money, plaintiff contends that he was forced to pay a fine on behalf of a third party to whom he had no relationship. Thus, plaintiff alleges he was arrested without cause, deprived of due process, and illegally detained, all in violation of his constitutional rights.

Plaintiff sought compensatory and punitive damages in his original complaint, but

requests leave to amend his complaint to enable him to seek both declaratory and prospective injunctive relief against Judge Billings and compensatory and punitive damages from the remaining defendants.

Defendant Billings filed both a motion to dismiss the original complaint and a response in opposition to plaintiff's motion to amend the original complaint. Judge Billings contends that plaintiff's request for leave to amend the complaint should be denied because plaintiff's complaint is and will remain frivolous, even if amended and, as such, either complaint should be dismissed in accordance with FED.R.CIV.P. 12(b)(6).

Defendants Indiana State Police and the State of Indiana move to dismiss plaintiff's complaint since they were never served with the complaint as required by FED.R. CIV.P. 4(j) and are therefore not parties to this action.

Defendant Billings contends that the amended complaint, like the original complaint, is based on alleged actions undertaken by him in furtherance of his judicial authority and that he cannot be held liable for those actions. Judge Billings argues that the doctrine of judicial immunity renders inappropriate any monetary relief against him for acts performed in the course of his official duties.

Plaintiff responds that defendant Billings acted outside of his jurisdiction and can therefore be held liable for his actions. Moreover, plaintiff contends Judge Billings is not immune from prospective injunctive relief nor does judicial immunity bar an award of attorneys' fees under the Civil Rights Attorneys' Fees Awards Act to one who succeeds in obtaining injunctive relief under § 1983 against a state judge. *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). Plaintiff states that although the prayer for relief in his original complaint is not as comprehensive as the one in his amended complaint, both complaints state a valid claim for relief and his cause of action should not be dismissed and that leave to amend his complaint should be granted.

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleadings. Courts generally construe Rule 15(a) liberally and permit complaints to be amended to correct insufficiencies in the pleadings or to perfect jurisdictional requirements.

The Seventh Circuit Court of Appeals has held:

> If the underlying facts or circumstances relied upon by the plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.

*Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353 (1982).

However, even though the court is compelled to interpret Rule 15(a) liberally, plaintiff's motion to amend the complaint will be granted only if the proposed amended complaint states a claim upon which relief can be granted.

Plaintiff's amended complaint is based on the same factual allegations as the original complaint. However, plaintiff now seeks prospective injunctive relief and attorneys' fees where he previously requested only damages.

The Supreme Court has ruled that a judge may be liable for his actions only where those actions are extra-judicial or, in other words, acts taken "in clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

The *Sparkman* ruling is based on the earlier Supreme Court case of *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872), in which the court set out the distinction between acts taken in total absence of jurisdiction and those taken in excess of jurisdiction.

The Seventh Circuit Court of Appeals adopted the *Bradley* distinction in *Lopez v. Vanderwater*, 620 F.2d 1229 (7th Cir.1980). The *Lopez* court indicated that absolute judicial immunity will protect a judge in § 1983 actions if two conditions are satisfied:

First, the act must not have been taken in the clear 'absence of all jurisdiction'.... Second, the act must be a 'judicial act'.

620 F.2d at 1233. A judicial act is defined in *Lopez* as one that is "normally performed by a judge and to the expectations of the parties." 620 F.2d at 1233, *citing Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 1107, 55 L.Ed.2d 331 (1978). *See also Dykes v. Hosemann*, 776 F.2d 942 (11th Cir.1985).

■ This court finds that defendant Billings' acts of ordering plaintiff's arrest and impounding his vehicle were not undertaken in the clear *absence* of all jurisdiction.

As alleged in the amended complaint, defendant Billings is, and was at the times alleged in the complaint, the judge of Porter County Court. Under Indiana law, a county court judge has original and concurrent jurisdiction of all class D felonies, misdemeanor and infraction cases. I.C. 33–10.5–3–2. Traffic violations, including speeding and weight and size violations, are cases over which the county court judge has jurisdiction since they are infractions. *See* I.C. 9–4–1–57, I.C. 9–4–1–127.1, I.C. 9–8–1–12, I.C. 9–8–1–13, I.C. 9–8–1–22. Additionally, a county judge is empowered to issue warrants, to punish contempts of court and to enforce all orders of the court. I.C. 33–10.5–2–5. The power to enforce orders and traffic laws also allows a county judge to impound a vehicle in certain instances. *See, e.g.,* I.C. 9–8–1–13.

Defendant Billings was acting within his jurisdiction when he issued an arrest warrant and impounded plaintiff's vehicle and whether plaintiff actually committed a traffic offense is not relevant in determining defendant Billings was acting within his jurisdiction.

In *Stump v. Sparkman*, the Supreme Court ruled "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in *excess of authority;* rather he will be subject to liability only when he acted in

the 'clear absence of all jurisdiction.'" 435 U.S. at 357–58, 98 S.Ct. at 1105.

The Supreme Court illustrated the difference between "clear absence of jurisdiction" and "excess of jurisdiction" in a footnote in *Sparkman*, which may appropriately be applied to this case.

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; *on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.* (Emphasis added.)

*Sparkman*, 435 U.S. at 358 n. 7, 98 S.Ct. at 1105 n. 7, *quoting Bradley v. Fisher*, 13 Wall. 335 at 352, 80 U.S. at 352.

In this case it is clear that defendant Billings may have been acting in excess of his jurisdiction when he ordered plaintiff arrested but it is also clear that defendant Billings was acting within his jurisdiction as a Porter County judge since he has the authority to issue warrants and in some instances, impound vehicles.

Since defendant Billings was acting within his jurisdiction, he cannot be held liable for his actions. Defendant Billings is immune from plaintiff's claim for compensatory and punitive damages.

■ This court notes however, that judicial immunity does not prevent plaintiff from obtaining prospective injunctive relief against a judicial officer acting in his judicial capacity; nor does judicial immunity bar an award of attorneys' fees. *See Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984).

Since the Supreme Court's interpretation of the legislative histories of §§ 1983 and 1985 requires that both prospective injunctive relief and attorneys' fees be available to citizens whose constitutional rights are placed in jeopardy by a state judicial officer, the court must now determine if plain-

tiff has standing to seek the injunctive relief requested in his amended complaint.

Defendant Billings asserts that plaintiff has no standing to bring an action for prospective injunctive relief under the ruling in *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). In *Lyons*, the plaintiff brought a civil rights action against the city in an effort to obtain an injunction which would prevent Los Angeles police officers from administering a potentially fatal chokehold to minor traffic offenders.

The Court held that the plaintiff failed to allege an actual case in controversy pursuant to Article III Section 2 of the Constitution. The Court stated:

> [A] plaintiff [is] bound to demonstrate a personal stake in the outcome, an abstract injury was not enough but, rather, plaintiff was bound to show that he had sustained or was immediately in danger of sustaining some direct injury as a result of the challenged official conduct and the injury or threat of injury [is] required to be both real and immediate, not conjectural or hypothetical.

103 S.Ct. at 1665. The Court, in *Lyons*, in effect indicated, that unless the plaintiff intended to violate a municipal law in the future, the threat of future harm to him was merely hypothetical. Since the plaintiff did not have a personal stake in an actual case or controversy, the Court found that the plaintiff was without standing to bring a civil rights action against the city. *Id.* at 1672.

This court has previously addressed the *Lyons* decision in *Zuranski v. Anderson*, 582 F.Supp. 101 (N.D.Ind.1984). In *Zuranski*, we stated:

> The plaintiff must have standing to maintain this action. In its constitutional dimension, standing imports justiciability; that is, whether the plaintiff has made out a case or controversy within the meaning of the Constitution. As an aspect of justiciability, the standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy to warrant his invocation

of federal court jurisdiction and to justify the exercise of the court's remedial powers on his behalf. *Warth v. Seldin*, 422 U.S. 490 [95 S.Ct. 2197, 45 L.Ed.2d 343] (1975).

> This is not a criminal case and under our federal form of government the Indiana judicial system and ultimately the Indiana Supreme Court, is entitled to correct problems in its own house. Until that system has shown an unwillingness or inability to do so, federal courts should not intervene in the absence of grave and immediate irreparable injury.

*Id.*, at 107–08.

Essentially then, the plaintiff in this case, must show that he will be subject to the same pattern of treatment in the future if he is not allowed to pursue his claim for injunctive relief at the present time. In concluding, as the plaintiff does, that he will be subject to similar treatment in the future, plaintiff assumes three things.

First, plaintiff assumes that if he continues to operate his privately owned tractor, he will once again haul a trailer owned by a company which employs drivers who owe unpaid traffic fines in the Porter County Court. This presumes that the drivers for such companies, for which plaintiff will work, will act in an illegal manner in Porter County and not pay their traffic fines.

Secondly, plaintiff then assumes that he will be traveling in the jurisdiction of the Porter County Court over which Judge Billings presides.

Finally, plaintiff assumes that Judge Billings will issue the same order which he allegedly issued in this case. In other words, plaintiff presumes defendant will engage in a certain pattern of allegedly illegal behavior in the future.

In *Lyons*, the Supreme Court warned against making the types of assumptions plaintiff seeks to make here, in order to obtain standing.

> As we have said, however, it is no more than conjecture to suggest that in every instance of a traffic stop, arrest, or other encounter between the police and a citi-

zen, the police will act unconstitutionally and inflict injury without provocation or legal excuse. And it is surely no more than speculation to assert either that Lyons himself will again be involved in one of those unfortunate instances, or that he will be arrested in the future and provoke the use of a chokehold by resisting arrest, attempting to escape, or threatening deadly force or serious bodily injury.

103 S.Ct. at 1668. The Court went on to state, "if [plaintiff] has made no showing that he is realistically threatened by a repetition of his experience of October, 1976, then he has not met the requirements for seeking an injunction in a federal court, whether the injunction contemplates intrusive structural relief or the cessation of a discrete practice." 103 S.Ct. at 1669.

■ Similarly, in the case at bar, plaintiff's claim for injunctive relief is based on three-tiered conjecture. Plaintiff assumes he has standing because he will be hauling a trailer, owned by someone who employs drivers who have not paid a traffic fine in the Porter County Court, that he will be operating his vehicle in Porter County, and that defendant Billings will issue an order in the same manner as he allegedly did in this instance. The court now finds such conjecture is too remote and speculative and thus insufficient to provide plaintiff with standing. Thus plaintiff has failed to meet the threshold standing requirements of Article III Section 2. The court therefore finds that defendant Billings' motion to dismiss must be granted and plaintiff's request for leave to file an amended complaint must be denied.

The court now turns to defendants, State of Indiana's and Indiana State Police's motion to dismiss. Defendants contend that plaintiff failed to serve them with a copy of the complaint as is required by FED.R. CIV.P. 4(j) and that they are not parties to this action. The court has reviewed the record and finds that service of a summons and complaint was not perfected with respect to defendants State of Indiana and the Indiana State Police. To the extent that those defendants are not a party to this action, the complaint against them must also be dismissed. FED.R.CIV.P. 4(j).

IT IS THEREFORE ORDERED that plaintiff's Motion for Leave to Amend the Complaint is DENIED; and that defendant Judge Bryce E. Billings and defendants Indiana State Police and State of Indiana's Motions to Dismiss plaintiff's complaint are hereby GRANTED.